# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0435V

|  |  |
|---|---|
| KATHY MERGEL, <br><br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 29, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS[1]

On March 21, 2024, Kathy Mergel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on November 5, 2022. Petition, ECF No. 1. On December 30, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 26.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for a final award of attorney's fees and costs, requesting $20,380.53 (representing $19,117.40 in fees, plus $1,263.13 in costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed September 25, 2025, ECF No. 32. Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 33.

Respondent reacted to the Motion on October 2, 2025, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. However, Respondent notes - correctly - that Petitioner filed her Motion 260 days after judgment, and thus significantly beyond the 180-day period required under Vaccine Rule 13. *See* RCFC, Vaccine Rule 13(a)(1). Respondent defers to the Court as to whether a reduction or a denial in fees and costs would be appropriate, given the untimeliness of the motion. Respondent's Response to Motion at ECF No. 34. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## I.    Timeliness of Fees Motion

Vaccine Rule 13 provides that a request for fees and costs must be filed within *180 days* after judgment is entered. *See* RCFC, Vaccine Rule 13(a)(1). In this case, judgment was entered on January 8, 2025, making Petitioner's Motion due on July 7, 2025. But Petitioner filed her Motion on September 25, 2025, and thus more than two months later. ECF No. 32. Petitioner did include with the Motion a request for Leave of Court to File an Application for Attorney' Fees and Costs. Petitioner's counsel explains that due to an administrative error, Conway Homer, P.C., did not comply with Vaccine Rule 13 and file its Motion in a timely manner. Upon discovering the administrative error, Conway Homer, P.C., quickly prepared its Motion for the court's consideration. Petitioner's counsel further adds that untimely filings are not a "routine practice," and actively monitors pertinent deadlines. ECF No. 31.

Rule 13 was amended not all that long ago to make clear that fees requests must be filed in a timely manner, and fully substantiated as well, or risk being denied, even in successful cases where an award of fees is envisioned by the Act. The Program's backlog of decided matters is often bemoaned, yet the role counsel can play in contributing to that backlog can go unmentioned. Here, however, is a good example of dilatory conduct by counsel that is largely unjustified and unexcused. And while I am sympathetic to the fact that existing counsel are not known for these kinds of errors, they have in fact been admonished in other cases that late-filed fee requests can result in a denied or curtailed award. *See*, *e.g., Archibald v. Sec'y of Health and Hum. Servs.*, No. 20-2034V, 2024 WL 2698540, at *1–2 (Fed. Cl. Spec. Mstr. Apr. 23, 2024).[3]

---

[3] I also take note that Homer Conway, P.C., recently directly criticized my failure to resolve a remand order in another case within the timeframe the Act envisions as an unforgiveable (and potentially appealable) abuse of discretion. If counsel are going to demand that I strictly adhere to all deadlines no matter the circumstances, they should be prepared to live under a comparably-unforgiving standard for deadlines imposed against them.

3

Despite the clearly dilatory character of this request, and the failure to justify a timely filing, I will allow a fees award herein. But this cannot become a regular occurrence – and to register the fact that this request could rightfully be denied outright, I will apply a **twenty percent reduction** to the final award of fees (as noted below) as a penalty. Counsel should expect an outright denial next time a fees request is not sought in a timely manner.

## II.    Calculation of Attorney's Fees

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are therefore awarded herein.

However, I find there was some redundant time billed for the review of status reports and other cursory documents prepared by another attorney. *See*, e.g., ECF No. 32 at 13-16 (entries dated: 10/25/2024, 11/15/2024, 1/2/2025, 1/9/2025). I am aware that it is a common practice for Conway, Homer, P.C., to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys).

It is not reasonable, however, to have an attorney bill for time to review routine filings, such as status reports, joint notices not to seek review, statements of completion, and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See*, e.g., *Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020); *Butler v. Sec'y of Health & Hum. Servs.*, No. 21-561, 2025 WL 2091616 (Fed. Cl. Spec. Mstr. June 23. 2025).

Accordingly, Petitioner will not receive fees for redundant efforts. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $159.00 ($18,958.40).** That sum is in turn reduced by twenty percent, resulting in a total amount to be awarded in fees of **$15,166.72**.

4

### III.       Calculation of Costs

Petitioner has provided supporting documentation for all claimed costs. ECF No. 32 at 20-34. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $16,429.85 (representing $15,166.72 in fees plus $1,263.13 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5